# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
--------------------------------------------------------------X

CATHLEEN DEGARMO,

                        Plaintiff(s),

-against-

TARGET CORPORATION,

                        Defendant(s).
--------------------------------------------------------------X

Index No.:
Date Purchased:

**SUMMONS**

Plaintiffs designate Nassau County as the place of trial.

The basis of venue is:
Location of Incident

Incident Location:
838 Sunrise Highway, Bayshore, New York

**To the above named Defendant:**

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiffs' attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: NEW YORK, NEW YORK
       March 29, 2022

                                          Alex Rybakov
                                          **RRK KUCHER LAW GROUP PLLC**
                                          *Attorneys for Plaintiff(s)*
                                          *CATHLEEN DEGARMO*
                                          228 Park Avenue S
                                          Suite 22033
                                          New York, New York 10003
                                          929-274-8000
                                          Our File # 21-0039

To:
TARGET CORPORATION - 100 Nicolett Mall, Minneapolis, MN 55403 - Via secretary of state

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------X
CATHLEEN DEGARMO

       Plaintiff(s),       Index No.:
                    Date Purchased:
 -against-

TARGET CORPORATION        **VERIFIED COMPLAINT**

       Defendant(s).
------------------------------------------------------------X

  Plaintiff, **CATHLEEN DEGARMO**, by her attorneys, complaining of the Defendant, **TARGET CORPORATION** respectfully alleges, upon information and belief:

1. That at the time of the commencement of this action, Plaintiff **CATHLEEN DEGARMO** resided in the County of Suffolk, State of New York.

2. That the cause of action alleged herein arose in the County of Nassau, City and State of New York.

3. That this action falls within one or more of the exemptions set forth in CPLR §1602.

4. That at all times herein mentioned, the Defendant **TARGET CORPORATION** was and still is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of New York.

5. That at the time of the commencement of this action, Defendant **TARGET CORPORATION** was operating a business in the County of Hennepin and State of Minnesota.

6. That at the time of the commencement of this action, Defendant **TARGET CORPORATION** maintained a principal place of business at 838 Sunrise Highway, Bayshore, New York.

7. That on or before September 06, 2021, and at all times herein mentioned, Defendant **TARGET CORPORATION** owned the premises, and the appurtenances therein, located at 838 Sunrise Highway, Bayshore, New York, in the County of Suffolk, City and State of New York.

8. That on or before September 06, 2021, all times herein mentioned, and upon information and belief, the aforesaid premises, and the appurtenances therein, were operated by Defendant, **TARGET CORPORATION**.

9. That on or before September 06, 2021, all times herein mentioned, and upon information and belief, the aforesaid premises, and the appurtenances therein, were maintained by Defendant, **TARGET CORPORATION**.

10. That on or before September 06, 2021, all times herein mentioned, and upon information and belief, the aforesaid premises, and the appurtenances therein, were controlled by Defendant, **TARGET CORPORATION**.

11. That on or before September 06, 2021, all times herein mentioned, and upon information and belief, the aforesaid premises, and the appurtenances therein, were repaired by Defendant, **TARGET CORPORATION**.

12. That on or before September 06, 2021, all times herein mentioned, and upon information and belief, the aforesaid premises, and the appurtenances therein, were managed by Defendant, **TARGET CORPORATION**.

13. That on September 06, 2021, Plaintiff **CATHLEEN DEGARMO** was lawfully at the aforesaid premises.

14. That on September 06, 2021, it was the duty of the Defendant **TARGET CORPORATION** to maintain the premises therein free of dangerous, hazardous, defection and unsafe condition.

15. That on September 06, 2021, pursuant to the Department of Buildings code it was the duty of the Defendant to maintain the premises therein free of dangerous, hazardous, defection and unsafe condition.

16. That on September 06, 2021, while Plaintiff CATHLEEN DEGARMO was lawfully at the aforesaid location, Plaintiff was caused to sustain severe and permanent injuries when Plaintiff fell.

17. That on September 06, 2021 the defendants TARGET CORPORATION breached their duty and the aforementioned code.

18. That the above mentioned occurrence, and the results thereof, were caused by the negligence of the Defendant, TARGET CORPORATION and/or said Defendants' agents, servants, employees and/or licensees in the ownership, operation, management, maintenance, repair and control of the aforesaid premises.

19. That defendant TARGET CORPORATION jointly and/or severally and through its agents, servants, and or employees, were careless, negligent, in their ownership, operation, control, care, custody, charge, supervision, management, and maintenance of the aforesaid premises; in causing, creating, permitting, and or allowing a dangerous, hazardous, defective, and unsafe condition upon said premises; in failing to undertake proper and/or adequate safety studies and/or surveys; in failing to hire efficient and/or sufficient personnel; in failing to provide plaintiff with reasonably safe condition on subject premises; in failing to properly operate the aforementioned premises; in causing plaintiff to be injured while she was lawfully at the subject premises; in failing to avoid the aforesaid accident which was foreseeable; and the defendant was otherwise reckless, careless and negligent.

20. That no negligence on the part of the Plaintiff CATHLEEN DEGARMO contributed to the occurrence alleged herein in any manner whatsoever.

21. That as a result of the foregoing, Plaintiff CATHLEEN DEGARMO was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and

their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

22. That by reason of the foregoing, Plaintiff **CATHLEEN DEGARMO** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, the Plaintiff demands judgment on all causes of action against the defendants in a substantial amount to be determined by the Supreme Court of the State of New York which amount exceeds the jurisdictional limits of all lower courts which might otherwise have jurisdiction thereof.

Dated:   New York, New York
         March 29, 2022

Yours, etc.

/s/

Alex Rybakov
**RRK KUCHER LAW GROUP PLLC**
*Attorneys for Plaintiff(s)*
*CATHLEEN DEGARMO*
228 Park Avenue S
Suite 22033
New York, New York 10003
929-274-8000
Our File # 21-0039

4

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
: ss :
COUNTY OF NEW YORK )

Alex Rybakov, an attorney and counselor at law, duly admitted to practice in the Courts of the State of New York, affirms the following to be true under penalties of perjury:

I am a member of the RRK KUCHER LAW GROUP firm of attorneys for the plaintiff herein.

I have read the foregoing **COMPLAINT** and know the contents thereof. Upon information and belief, I believe the matters alleged therein to be true.

The source of your deponent's information and the grounds of my belief are communications, papers, reports and investigations contained in my file.

The reason this verification is made by deponent and not by plaintiff is that plaintiff is not now in a county in which your deponent's office is maintained.

Dated: New York, New York
       March 21, 2022

_____
Alex Rybakov

FILED: NASSAU COUNTY CLERK 03/29/2022 08:40 PM                INDEX NO. 603994/2022
Case 2:22-cv-02013-ENV-JMW   Document 1-1   Filed 05/23/22   Page 8 of 8 PageID #: 11
NYSCEF DOC. NO. 1                                           RECEIVED NYSCEF: 03/29/2022

4-5-2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

CATHLEEN DEGARMO

                Plaintiff(s),

-against-

TARGET CORPORATION

                Defendant(s).

**SUMMONS AND VERIFIED COMPLAINT**

**RRK KUCHER LAW GROUP PLCC**
**228 Park Avenue S**
**Suite 22033**
**New York, New York 10003**

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

*/s/*
_____
Alex Rybakov